IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

ANGELO MARCELLUS IRVING, JR.,

                              Petitioner.

v.

UNITED STATES OF AMERICA

                              Respondent.

Criminal Action Number 3:01CR304-1-JRS
Civil Action Number 3:04CV859-JRS

## FINAL ORDER

THIS MATTER is before the Court on ANGELO IRVING's Motion to Alter or Amend Judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure.[1] This Court decided Petitioner's § 2255 without conducting an evidentiary hearing. Petitioner now urges the Court to amend its Judgment to correct a clear error of law and to prevent a manifest injustice. Petitioner argues that the absence of an affidavit by his defense counsel attesting to his trial strategy necessitates an evidentiary hearing as to whether defense counsel would agree with the Court's assessment of counsel's performance. Petitioner's motion does not identify what, if anything, such a hearing would reveal.

---

[1] On April 18, 2005, this Court denied Petitioner's motion pursuant to 28 U.S.C. § 2255. Rule 59(e) provides that "[a]ny motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment." Petitioner's Motion is dated April 26, 2005 and was filed in the Clerk's office on May 2, 2005.

In his § 2255 application, Petitioner asserted several ineffective assistance of counsel claims, including defense counsel's alleged failure to raise various objections on direct appeal.[2] Petitioner insisted that counsel failed to argue that the evidence did not support a conviction under 18 U.S.C. § 1962(c).[3] Contrary to petitioner's assertions, on direct appeal, counsel challenged the existence of an enterprise and whether Petitioner participated in the affairs of the enterprise through a pattern of racketeering activity. See United States v. Angelo Irving, 66 Fed. Appx. 480, 481 (4th Cir. 2003).[4] Petitioner also claimed that defense counsel failed to raise on direct appeal the trial court's denial of Petitioner's motion to exclude the testimony of three government witnesses.

In analyzing Petitioner's § 2255 motion, the Court applied the test established by the United States Supreme Court in Strickland v. Washington, 466 U.S. 668 (1984). This Court also considered the Fourth Circuit's admonition that "winnowing out weaker arguments on appeal and focusing on those more likely to prevail, far from being evidence of incompetence, is he hallmark of effective appellate advocacy." Bell v. Jarvis, 236 F.3d 149, 164 (4th Cir. 2000). Indeed, the Court reasserts here that counsel is not obligated to assert each and every appealable issue that might, no matter how unlikely, result in success on appeal. The Court credited defense counsel with selecting which issues to press on appeal and determined that even if counsel was deficient in failing to raise the issues

---

[2] In addition, petitioner alleged that counsel failed to object to a perceived amendment of the Indictment during the trial.

[3] 18 U.S.C. § 1962(c) provides that "[i]t shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt."

[4] The Fourth Circuit found substantial evidence to support the conclusion that a racketeering enterprise existed and that Petitioner participated in its activities.

highlighted in Petitioner's § 2255 motion, Petitioner could not demonstrate prejudice as a result of the alleged failures.

Petitioner's Rule 59(e) motion states "that at the very least this matter should have been remanded for an evidentiary hearing where trial counsel himself has not submitted an affidavit advancing whether he would agree or disagree with the district court's assessment of his trial strategy." Petitioner cites the Court to the decision in Sneed v. Smith, 670 F.2d 1348 (4th Cir. 1982), in support of his claim. Robert Sneed appealed the district court's denial of his petitioner for a writ of habeas corpus under 28 U.S.C. § 2254. The Fourth Circuit found the evidence constitutionally insufficient to convict Sneed for forgery. The Fourth Circuit concluded that the district court erred when it rejected Sneed's claim of ineffective assistance of counsel without conducting an evidentiary hearing. Sneed, 670 F.2d at 1349.

Sneed is a pre-Strickland decision with regard to evaluating counsel's performance. In Sneed, the Court asked whether defense counsel acted "within the range of competence demanded for attorneys in criminal cases." Martullo v. Maryland, 561 F.2d 540, 543 (4th Cir. 1977). To meet this standard, the attorney must, at a minimum, "conduct appropriate investigations, both factual and legal, to determine if matters of defense can be developed and to allow himself enough time for reflection and preparation for trial." Coles v. Peyton, 389 F.2d 224, 226 (4th Cir. 1968). The Sneed decision is not applicable to this case for at least two reasons. First, Sneed is a pre-Strickland case that applied a different standard for evaluating counsel's performance. Second, Sneed claimed that his attorney failed to conduct investigations and subpoena witnesses with possible information which could advance defendant's cause *at trial*. Indeed, Sneed is still cited for the proposition that counsel has a duty to make both a factual and legal investigation on behalf of his client. See United States

v. Smith, 113 F. Supp. 2d 879, 909 (E.D. Va. 1999). Sneed does not mandate an evidentiary hearing each time a district court makes certain presumptions regarding counsel's performance.

In denying Sneed's habeas petition, the district court speculated as to counsel's trial strategy and his reasons for not subpoenaing any of the possible defense witnesses. The district court relied on the state's characterization of counsel's strategy and the state's suggestion that these witnesses were unsavory characters and that counsel chose to rely on the weakness of the state's case rather than rely on possibly harmful witnesses. Sneed, 670 F.2d at 1353-54. However, the district court never heard from defense counsel as to the accuracy of these representations. Sneed also submitted affidavits from the six witnesses purporting to outline the essentials of their testimony and the fact that they provided defense counsel with their information in advance of trial.

The Fourth Circuit concluded that "the district court made findings of fact drawn directly from the state's motion without holding any evidentiary hearing or determining whether Sneed's attorney would agree or disagree with the State's independent analysis and speculation concerning his mental processes and his trial strategy." Id. at 1355. In fact, many of the district court's findings were taken verbatim from the State's brief.

No such evidentiary hearing is necessary in this case, and so, Petitioner's Rule 59(e) motion will be denied. In deciding whether an evidentiary hearing is necessary, section 2255 provides, in part, that "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon." 28 U.S.C. § 2255; see also United States v. Lemaster, 403 F.3d 216, 2005 U.S. App. LEXIS 5889, *11, n.3 (4th Cir. 2005) ("We have never clearly articulated the standard by which we review a district court's decision

whether to hold an evidentiary hearing on a 2255 motion; but noting that the Court's unpublished decisions use abuse of discretion as the standard").

The United States Court of Appeals for the Fourth Circuit recognizes three grounds for granting Rule 59(e) relief: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; (3) to correct a clear error of law or prevent manifest injustice." Hutchinson v. Staton, 994 F.2d 1076, 1081 (4th Cir. 1993). However, a Rule 59(e) motion "may not be used to relitigate old matters or to raise arguments or present evidence that could have been raised prior to the entry of judgment." Pacific Insurance Co. v. American Nat'l. Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998).

Petitioner claims that the Court should alter its judgment based on Hutchinson's third prong. However, Petitioner's situation is substantially different from the one Sneed presented to the district court. By all accounts, Sneed's attorney ignored promising evidence and the only explanation came from the state's brief which asserted that defense counsel made a strategic decision not to call certain witnesses based on their apparent lack of credibility. Such a failure by counsel to pursue the testimony of six witnesses who could possibly cast reasonable doubt on the state's case would lead anyone to speculate about counsel's professional judgment such that the record would not conclusively show that the petitioner is entitled to no relief.

In Petitioner's case, the Court evaluated counsel's performance, including the alleged failure to raise certain objections on appeal under the well worn tenants of Strickland and determined that, even assuming deficient performance, Petitioner could not demonstrate that he suffered prejudice as a result. Stated differently, Petitioner did not demonstrate that, but for counsel's performance, the result at trial or on appeal would have been different. The Court reached this decision based on its

5

own extensive review of the trial record and the arguments presented for and against Petitioner's § 2255 motion. This decision is not contrary to the law and no manifest injustice[5] occurred merely because the Court decided Petitioner's motion without oral argument when that petition did not present issues which typically require an evidentiary hearing.[6] Therefore, Petitioner's Motion pursuant to Rule 59(e) is hereby DENIED.

By filing the instant motion under Rule 59(e), Petitioner tolled the running of the limitations period for filing an appeal. See Fed. R. App. P. 4(a)(4)(iv) ("If a party timely files in the district court [a motion to alter or amend the judgment under Rule 59] . . . the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion). Petitioner is reminded that he may appeal this Order but he must do so within thirty (30) days after entry of the Order. Any appeal must proceed in accordance with Rule 22 of the Rules of Appellate Procedure and 28 U.S.C. § 2253.

---

[5] At least one district court has held that reconsideration under Rule 59(e) is appropriate "only when dispositive factual matters or controlling decisions of law were brought to the court's attention but not considered." P. Schoenfeld Asset Mgmt. LLC v. Cendant Corp., 161 F. Supp. 2d 349, 353 (D. N.J. 2001). The Court considered each of petitioner's assertions in his § 2255 application and found that Petitioner did not prove, by a preponderance of the evidence, that this Court imposed his sentence in violation of the United States Constitution. This finding rests on the fact that petitioner received effective assistance of counsel in accordance with the requirements of Strickland. Importantly, Petitioner did not request oral argument on any of his claims, however, in light of the record, the Court feels compelled to state that oral argument would not aid the Court in reaching its decision in this case. The Court rejects any attempt by petitioner, to the extent applicable, to relitigate matters already determined; a practice which the Fourth Circuit has previously dismissed. See Pacific Insurance, 148 F.3d 396, 403 (4th Cir. 1998). Indeed, "reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." Id.

[6] For example, where a petitioner presents a colorable Sixth Amendment claim showing disputed facts involving inconsistencies beyond the record, see United States v. Magini, 973 F.2d 261, 264 (4th Cir. 1992), or where the petition involves issues of credibility, see Raines v. United States, 423 F.2d 526, 530 (4th Cir. 1970).

Let the Clerk send a copy of this Order to Mr. Irving and counsel for the United States.

It is SO ORDERED.

ENTERED this  13th  day of JUNE, 2005

 /s/ James R. Spencer

UNITED STATES DISTRICT JUDGE