
FILED
MAY 17 2019
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA

v.

Criminal Action No. 3:01CR304
Civil Action No. 3:19-cv-00374-REP

ANGELO M. IRVING, JR.,

Petitioner.

## MEMORANDUM OPINION

By Memorandum Opinion and Order entered on April 18, 2005, the Court denied Angelo M. Irving, Jr.'s motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (ECF Nos. 386, 387.) On June 13, 2005, the Court denied one other motion attacking his conviction and sentence. (ECF No. 390.)

On March 20, 2018, the Court received from Irving a "Motion to Challenge the Jurisdiction, and Motion to Vacate Judgment and, Motion to Dismiss and, Motion to Reverse & Dismiss Indictment for Fed. R. Crim P. 6 Violations & Lack of Jurisdiction and, Motion to Dismiss pursuant to Rule 60(b)(6)." ("Rule 60(b) Motion," ECF No. 682.) For the reasons stated below, the Court finds that Irving's Rule 60(b) Motion, notwithstanding its inventive labeling, is an unauthorized, successive § 2255 motion.

A motion pursuant to 28 U.S.C. § 2255 "provides the primary means of collateral attack on a federal sentence." Pack v. Yusuff,

218 F.3d 448, 451 (5th Cir. 2000) (quoting Cox v. Warden, Fed. Det. Ctr., 911 F.2d 1111, 1113 (5th Cir. 1990)). The Antiterrorism and Effective Death Penalty Act of 1996 restricts the jurisdiction of the district courts to hear second or successive applications for federal habeas corpus relief by prisoners attacking the validity of their convictions and sentences by establishing a "'gatekeeping' mechanism." Felker v. Turpin, 518 U.S. 651, 656-57 (1996). Specifically, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

Here, Irving challenges, inter alia, the subject matter jurisdiction to criminally prosecute him, the grand jury selection process and the validity of the Indictment, and, also brings related claims of ineffective assistance of counsel. Irving contends his claims are brought pursuant to Federal Rule of Criminal Procedure 6 and Federal Rule of Civil Procedure 60(b). Irving cannot avoid the bar against successive petitions merely by inventive labeling. See United States v. Winestock, 340 F.3d 200, 207 (4th Cir. 2003). "Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audita querela, certiorari, capias, habeas corpus,

2

ejectment, quare impedit . . . or an application for a Get-Out-of-Jail-Card; the name makes no difference. It is substance that controls." Melton v. United States, 359 F.3d 855, 857 (7th Cir. 2004) (citing Thurman v. Gramley, 97 F.3d 185, 186-87 (7th Cir. 1996)). "Any motion filed in the district court that imposed the sentence, and substantively within the scope of § 2255[(a)], is a motion under § 2255, no matter what title the prisoner plasters on the cover." Id. (citing Ramunno v. United States, 264 F.3d 723 (7th Cir. 2001)).

The United States Court of Appeals for the Fourth Circuit has held "that district courts must treat Rule 60(b) motions as successive collateral review applications when failing to do so would allow the applicant to 'evade the bar against relitigation of claims presented in a prior application or the bar against litigation of claims not presented in a prior application.'" United States v. Winestock, 340 F.3d 200, 206 (4th Cir. 2003) (quoting Calderon v. Thompson, 523 U.S. 538, 553 (1998)). Additionally, the Fourth Circuit has provided the following guidance in distinguishing between a proper Rule 60(b) motion and an improper successive § 2255 motion or habeas petition:

> [A] motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application, while a motion seeking a remedy for some defect in the collateral review process will generally be deemed a proper motion to reconsider. Thus, a brand-new, free-standing allegation of constitutional error in

3

> the underlying criminal judgment will virtually always implicate the rules governing successive applications. Similarly, new legal arguments or proffers of additional evidence will usually signify that the prisoner is not seeking relief available under Rule 60(b) but is instead continuing his collateral attack on his conviction or sentence.

Id. at 207 (citations omitted). Here, Irving's Rule 60(b) Motion raises challenges to pretrial criminal proceedings rather than any defects in his federal habeas proceedings. Accordingly, the court must treat the Rule 60(b) Motion as a successive § 2255 motion. The Court has not received authorization from the United States Court of Appeals to hear Irving's successive § 2255 motion. Accordingly, the Clerk will be directed to assign a civil action number to and file the Rule 60(b) Motion as a successive, unauthorized § 2255 motion. The action will be dismissed without prejudice for want of jurisdiction.

To the extent that Irving contends that his motion is brought pursuant to Federal Rule of Criminal Procedure Rule 6, which allows the Court to authorize the disclosure of grand jury materials under certain circumstances in criminal cases, that procedural vehicle does not authorize the action he seeks here. See United States v. Scott, 414 F.3d 815, 816 (7th Cir. 2005). Rule 6 does not permit the Court to act after the litigation has concluded. Id. Rather, it is evident that Irving ultimately seeks the dismissal of the Indictment against him in challenge of his conviction, and an

4

attack of that sort would be unauthorized and successive. Any challenge pursuant to Rule 6 will be denied.

The Clerk is directed to send a copy of this Memorandum Opinion to Irving and counsel of record.

/s/ REP
Robert E. Payne
Senior United States District Judge

Date: May 16, 2019
Richmond, Virginia